UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. LETTIERI,<br><br>                              Plaintiff,<br><br>        v.<br><br>MARUCHAN INC., KEEFE GROUP, B. WIGGINS, S. GONZALEZ, B. CINNATA, D. ENGLISH, KAMARA, FLAGG, F. BOWERS, AGENT DOES 1–5, C/O DOES 1–20,<br><br>                              Defendants. | Case No.:  3:26-cv-0290-AJB-BJW<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) (Doc. No. 2) AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

**INTRODUCTION**

Plaintiff, David C. Lettieri, currently in custody at Devens Federal Medical Center in Ayer, Massachusetts has filed a pro se Complaint and a Motion to Proceed *In Forma Pauperis* ("IFP"). (Doc. Nos. 1; 2.) In his Complaint, Plaintiff alleges that he purchased "Maruchan Ramen Noodle Soup" that was later "thrown out" while he was in a special housing unit. (*See* Doc. No. 1 at 3.) He also alleges the nutritional information contained on the label of the Maruchan Ramen was incorrect. (*See generally id.* at 5–7.) For the

1

reasons discussed below, the Court denies Plaintiff's IFP motion and dismisses the case without prejudice.

## IFP MOTION

### A.     Legal Standard

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350 fee, and those not granted leave to proceed IFP must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that (they were) frivolous, malicious, or fail[ed] to state a claim,'" *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as

a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (citation omitted).

### B.    Plaintiff's Prior "Strikes"

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. Upon review of its own dockets and those of other federal courts, the Court finds that Plaintiff, David C. Lettieri, is a frequent litigant, with at least 200 civil actions filed in federal district courts since 2022. *See Lettieri v. Facebook*, 24-cv-0873-HSG, Doc. No. 10 (N.D. Cal. Sept. 16, 2024) (collecting cases). And he has had well over three prior civil actions and appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* Fed. R. Evid. 201(b)(2); *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1007 (9th Cir. 2023) (noting that courts may "'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (citation omitted). They include:

(1)    *Lettieri v. Daniels, et al.,* Case No. 23-cv-0487-LJV, Doc. No. 18 (W.D.N.Y. Mar. 8, 2024) (Order dismissing action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1));

(2)    *Lettieri v. Daniels*, Case No. 23-cv-0867-LVJ, Doc. No. 3 (W.D.N.Y. Oct. 16, 2023) (Order dismissing civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1));

(3)    *Lettieri v. Reynolds*, Case No. 23-cv-0925-LVJ, Doc. No. 4 (W.D.N.Y. Oct. 17, 2023), Doc. No. 4 (Order action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1)); and

(4)   *Lettieri v. Northeast Ohio Corr. Ctr.*, Case No. 4:23-cv-2172-SL, Doc. No. 14 (N.D. Ohio (Dec. 11, 2023) (Order dismissing case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1)).

Accordingly, because Plaintiff accumulated at least four qualifying strikes pursuant to § 1915(g) before he filed this case,[1] he cannot proceed IFP unless he meets the imminent danger exception to the three strikes provision.

### C.   Imminent Danger of Serious Physical Injury

In order to qualify for § 1915(g)'s exception, Plaintiff's pleading must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055; *see also* 28 U.S.C. § 1915(g). While Plaintiff's allegations are far from clear, but as best the Court can decipher, he alleges his Maruchan Ramen was improperly confiscated and its packaging contained incorrect nutritional information. (*See* Doc. No. 1 at 3, 5–6.) Lettieri, however, does not include any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Accordingly, he is not entitled to proceed IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### CONCLUSION AND ORDER

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 2) as barred by 28 U.S.C. § 1915(g); **DISMISSES** this civil action without

---

[1]   The Court notes that Plaintiff is also subject to pre-filing orders in at least two districts that prohibit him from filing any cases or pleadings without the court's prior permission. *See In re David C. Lettieri*, C No. 1:23-mc-0032-LJV, Doc. No. 18 (W.D.N.Y. Jan. 19, 2024), Doc. No. 18; *In re David C. Lettieri*, C No. 3:24-pf-00001-BKS, Doc. No. 4 (N.D.N.Y. May 10, 2024).

3:26-cv-0290-AJB-BJW

prejudice based on Plaintiff's failure to pay the full statutory and administrative $405 civil filing fee required by 28 U.S.C. § 1914(a); **CERTIFIES** that an IFP appeal from this Order would be frivolous and not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the Clerk of the Court to close the case.

      **IT IS SO ORDERED**.

Dated:  March 3, 2026

Hon. Anthony J. Battaglia
United States District Judge