UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. LETTIERI,<br>Plaintiff,<br>v.<br>MARUCHAN INC., KEEFE GROUP, WIGGINS, S. GONZALEZ, CINNATA, ENGLISH, KAMARA, FLAGG, BOWERS, AGENT DOES 1–5, C/O DOES 1–20,<br>Defendants. | Case No.: 26-cv-00290-AJB-BJW<br><br>**ORDER GRANTING MOTION TO REOPEN TIME TO APPEAL PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(6)** |

This matter is before the Court on limited remand from the Ninth Circuit regarding pro se Plaintiff David C. Lettieri's notice of appeal (Doc. No. 5), which the Ninth Circuit has construed as a motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6). (*See* Doc. No. 8 (citing *United States v. Withers*, 638 F.3d 1055, 1061 (9th Cir. 2011)).) Rule 4(a)(6) allows the district court to "reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered" if all of the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal

> Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

The purpose of Rule 4(a)(6) is to "soften the harsh penalty of losing one's right to appeal due to the government's malfeasance in failing to notify a party of a judgment." *Arai v. Am. Bryce Ranches, Inc*., 316 F.3d 1066, 1070 (9th Cir. 2003); *see also Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (noting it would be unjust to deprive a pro se litigant the opportunity to appeal an order where "through no fault of his own," he did not receive notice of the order). A district court's discretion to deny a motion to reopen is limited, in the sense that it may not consider the underlying merits of the appeal or the concept of "excusable neglect" set forth in Federal Rule of Appellate Procedure 5(a) but must apply the requirements identified in Rule 4(a)(6). *See Arai*, 316 F.3d at 1070. Indeed, "where a moving party makes an unchallenged assertion that he did not receive timely notice of judgment, and the other Rule 4(a)(6) conditions are not at issue, a district court errs in denying the motion to reopen based solely on the party's failure to learn independently of the entry of judgment." *Withers*, 638 F.3d at 1061–62 (citing *Nunley v. City of Los Angeles*, 52 F.3d 792, 796, 798 (9th Cir. 1995)).

Here, Lettieri is in custody at Devens Federal Medical Center in Ayer, Massachusetts and, in his Notice of Appeal, he states he did not receive notification of the Court's March 3, 2026 judgment[1] until May 14, 2026, when he asked facility officials about his failure to

[1] The Court denied Lettieri's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(g) and dismissed the action because this Court found he had more than three prior cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. (*See* Doc. No. 3 at 3–4.)

receive mail. (*See* Doc. No. 5 at 1.) Along with his notice of appeal, Lettieri attaches a copy of a "Request to Staff" dated May 14, 2026, in which Lettieri states: "I recently found out there was a decision from the [D]istrict of [S]outhern [C]alifornia . . . which I haven't gotten yet and want to know what [is] going on with that mail?" (*Id.* at 2.) It appears Lettieri received the mail containing the notification of the judgment later that day and the following day, May 15, 2026, he mailed his Notice of Appeal. (*See id.* at 3, 4.)

"When a movant specifically denies receipt of notice, a district judge must then weigh the evidence and make a considered factual determination concerning receipt, rather than denying the motion out of hand based upon proof of mailing." *Nunley v. Cty. of Los Angeles*, 52 F.3d at 792, 796 (9th Cir. 1995). Here, given the evidence provided, the Court finds Lettieri did not receive notification of the judgment until May 14, 2026. Applying that date, Lettieri satisfies the requirements for relief under Rule 4(a)(6). First, because Lettieri did not receive the order and judgment, entered March 3, 3036, until May 14, 2026, he "did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry[,]" he satisfied Rule 4(a)(6)(A). Next, Lettieri filed his motion to reopen, in the form of a notice of appeal, on May 15, 2026, the day after receiving notice of the judgment, satisfying Rule 4(a)(6)(B). Finally, Rule 4(a)(6)(C) is not at issue at this time. Upon entry of judgment, the underlying action was still in the earliest stage of litigation. None of the named Defendants had been served with the Complaint, and the Court does not find any prejudice would result from granting Lettieri's motion.

The Court therefore finds that under these circumstances, granting the motion to reopen the time to appeal is appropriate. *See Jackson v. Jackson*, No. 23-cv-5988-JLR, 2024 WL 4696169, at *1 (W.D. Wash. Nov. 6, 2024) ("When the movant makes an unchallenged assertion that he did not receive timely notice of judgment, and the other Rule 4(a)(6) conditions are not at issue, the court should exercise its discretion to reopen the movant's time to appeal.") (internal quotations and citation omitted). Accordingly, Plaintiff's motion to reopen the time to appeal is **GRANTED**. *See* Fed. R. Civ. P. 4(6);

*Withers*, 638 F.3d at 1061. In accordance with the Ninth Circuit's instructions, the Clerk of the Court is directed to serve a copy of this Order on the Ninth Circuit. Plaintiff does not need to file a new notice of appeal.

**IT IS SO ORDERED**.

Dated: July 21, 2026



Hon. Anthony J. Battaglia
United States District Judge